Filed 6/28/22  P. v. Cater CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLARENCE DESHAWN CATER,<br><br>    Defendant and Appellant. | A163499<br><br>(Contra Costa County<br>Super. Ct. No. 5-131405-3) |

Defendant Clarence Deshawn Cater appeals from a trial court order at a resentencing hearing declining to dismiss or strike firearm enhancements pursuant to the recent changes to Penal Code section 12022.53.[1]

Defendant was convicted of murder (§ 187), second degree robbery (§§ 211, 212.5), and shooting at an occupied vehicle (§ 246).  The jury found true certain gang and firearm enhancements (§§ 186.22, subd. (b)(1), 12022.53, subds. (c)–(d)), as well as felony-murder and gang-related special circumstances (§ 190.2, subd. (a)(17) & (22)).  The court sentenced defendant to prison for life without the possibility of parole, plus 50 years, which included enhancements imposed pursuant to section 12022.53, subdivisions (c) and (d).

---

[1]    All further statutory references are to the Penal Code.

In 2019, a different panel of this court affirmed defendant's convictions, but remanded for resentencing so the superior court could exercise its newly afforded discretion to strike or dismiss the firearm enhancements pursuant to a recent amendment to section 12022.53, subdivision (h). (*People v. Cater* (May 29, 2019, A146678) [nonpub. opn.].)[2]

On August 6, 2021, the trial court held a hearing and heard arguments concerning whether to strike the firearm enhancements. Both parties submitted the matter. On the same day, the court filed a written decision declining to dismiss or strike the firearm enhancements based on the particular facts of the case. The court indicated it had considered "all pleadings filed," a recent memorandum addressing defendant's mitigating factors for future parole hearings pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, arguments by counsel, and the evidence presented at trial. While acknowledging that defendant had just turned 18 years old before the commitment offenses and had grown up in a violent and abusive environment, the court emphasized that defendant had a prior juvenile record and was the actual shooter and an active participant in the robbery, and that the evidence at trial showed the shootings were gang related and unprovoked. Defendant timely filed a notice of appeal.

Defendant's court-appointed appellate counsel filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Accompanying that brief is a declaration from counsel indicating that he wrote to defendant stating his intent to file a *Wende* brief, "informed [defendant] the court might allow him to file a supplemental brief," and sent him the transcripts of the record on

---

[2] The facts underlying the offenses are set out in our prior opinion, and so we will not restate them here.

appeal. A proof of service accompanying the brief indicates it was served on defendant by mail on April 15, 2022. More than 30 days has elapsed, and defendant has not filed a supplemental brief.

A threshold question in this case is whether *Wende* requires our independent review of the record. Under established case law, *Wende* review is not required "other than in the first appeal of right from a criminal conviction." (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500 (*Serrano*); *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536–537.) Here, defendant acknowledges this limitation, but urges us to undertake a *Wende* review in light of a review-granted case pending in the Supreme Court that will address the issue of *Wende* procedures in appeals from orders denying postconviction relief. (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305).)

Of course, an order granting review does not reflect the views of the justices concerning the merits of a case. But though we could have dismissed the appeal given defendant's failure to personally file a supplemental brief (see *Serrano, supra*, 211 Cal.App.4th at p. 503), in an abundance of caution we have exercised our discretion to independently review the record for potentially arguable issues. Based on our review, we requested the parties to address what impact, if any, *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) has on this case and whether defendant is entitled to another resentencing hearing in which the trial court may exercise its discretion as clarified by *Tirado*.

In short, *Tirado* was a Supreme Court decision issued several months after defendant's August 2021 resentencing hearing and while this appeal was pending. *Tirado* settled a split among the Courts of Appeal by holding that a trial court has the discretion to not just strike a greater charged

3

section 12022.53 enhancement, but also to impose a lesser uncharged section 12022.53 enhancement where the facts supporting that lesser enhancement were alleged in the accusatory pleading and admitted or found true by the jury. (*Tirado*, *supra*, 12 Cal.5th at pp. 696, 699–700.)

In response to our request for supplemental briefing, defendant filed a brief arguing that the trial court's statements at his resentencing hearing suggest it did not understand that aside from striking a section 12022.53 enhancement completely, it could instead impose one of the lesser enhancements. Defendant contends he is entitled to a remand for resentencing so the court can decide whether to strike the firearm enhancements with a full understanding of the scope of its discretion.

The People acknowledge *Tirado* was filed after defendant's resentencing hearing and does not dispute that the record suggests the trial court did not understand the full scope of its discretion as clarified in *Tirado*. Nonetheless, the People contend that defendant forfeited his claim by failing to seek imposition of a lesser enhancement given the split in authority that precipitated *Tirado* at the time of the resentencing hearing.

Generally, "[a] party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751.) "In determining whether the significance of a change in the law excuses counsel's failure to object at trial, we consider the 'state of the law as it would have appeared to competent and knowledgeable counsel at the time of the trial.' " (*People v. Black* (2007) 41 Cal.4th 799, 811.)

At the time of defendant's 2021 sentencing hearing, the vast majority of appellate decisions held that a trial court had no authority to impose a lesser

4

enhancement.  (See, e.g., *People v. Hoang* (2021) 66 Cal.App.5th 1020, 1024, review granted Sept. 29, 2021, S270553; *People v. Delavega* (2021) 59 Cal.App.5th 1074, 1087, review granted April 14, 2021, S267293; *People v. Valles* (2020) 49 Cal.App.5th 156, 166–167, review granted July 22, 2020, S262757; *People v. Garcia* (2020) 46 Cal.App.5th 786, 790–794, review granted June 10, 2020, S261772; *People v. Yanez* (2020) 44 Cal.App.5th 452, 459, review granted Apr. 22, 2020, S260819; *People v. Tirado* (2019) 38 Cal.App.5th 637, 643, review granted Nov. 13, 2019, S257658.)  Thus, we would not have expected competent and knowledgeable counsel to ask the court to impose a lesser enhancement.  But even assuming the claim was forfeited, we exercise our discretion to address it.  (*People v. Anderson* (2020) 9 Cal.5th 946, 963.)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.]  In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Here, the record does not clearly indicate that the trial court understood its discretion as later illuminated by *Tirado, supra,* 12 Cal.5th 688.  Moreover, despite the People's contention otherwise, we see no clear indication in the record that the trial court would not have considered reducing the enhancements.  Because we cannot say with confidence what action the court would have taken with full knowledge of its discretion, we

believe a remand for resentencing is appropriate. We express no opinion as to how the trial court should exercise its discretion on remand.

## DISPOSITION

The order of the trial court declining to dismiss or strike the firearm enhancements in this case is conditionally reversed. This matter is remanded for resentencing so that the trial court may exercise its full discretion as recently clarified by the California Supreme Court in *Tirado*, *supra*, 12 Cal.5th 688. Should the court decline to strike or modify an enhancement under section 12022.53, then the court's prior order shall be reinstated and stand affirmed. Should the court order a firearm enhancement stricken and/or modified, the court shall resentence defendant accordingly and forward a new abstract of judgment to the Department of Corrections. In all other respects, the judgment is affirmed.

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Petrou, J.

_A163499/People v. Cater_